**After Recording Return To:**
**CoreLogic SolEx**
**1637 NW 136th Avenue Suite G-100**
**Sunrise, FL 33323**
**855-369-2410**

**This Document Prepared By:**

_____
**Nationstar Mortgage LLC d/b/a Mr. Cooper**
**8950 CYPRESS WATERS BLVD**
**DALLAS, TX 75019**
**888-480-2432**

_____ [Space Above This Line For Recording Data] _____ _____

| | |
|---|---|
| Original Recording Date: **June 27, 2011** | Loan No.    **184745** |
| Original Loan Amount: **$191,709.00** | Investor Loan No: **207110765** |
| New Money: **$39,935.46** | USDA Case No.: **35014 136665476** |

# LOAN MODIFICATION AGREEMENT

Borrower ("I"):  **JOCELYN WALL.** Dated this **25th** day of **September, 2017.** If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.
Lender or Servicer ("Lender"):  **Nationstar Mortgage LLC d/b/a Mr. Cooper, whose address is 8950 CYPRESS WATERS BLVD, DALLAS, TX 75019**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
**June 17, 2011** and recorded in Book/Liber **OR 21814**, Page **1237**, Instrument No: **2011041329**, recorded on **June 27, 2011**, of the Official Records of **MORRIS** County, **NJ**.
Property Address ("Property"):  **9 WOODSEDGE AVENUE**
     **TWP OF MOUNT OLIVE, NJ 07828**
 Legal Description:
**See Exhibit "A" attached hereto and made a part hereof;**

**Tax Parcel No.: 03700.0000 00086.0000**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement.  This Agreement will not take effect unless the preconditions set



LOAN MODIFICATION AGREEMENT
10036 10/14

(page 1 of 8 pages)

forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
    D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));
    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
    G. I have made or will make all payments required under a trial period plan.
    H. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.
    I. Our records indicate that you are the Debtor in an active bankruptcy proceeding. Please be advised that Court and/or Bankruptcy Trustee approval of this loan modification agreement may be required depending upon jurisdictional requirements. If approval of the loan modification is required, Nationstar Mortgage LLC d/b/a Mr. Cooper will not honor the loan modification agreement until evidence of the required approval is provided.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **November 1, 2017** (the "Modification


LOAN MODIFICATION AGREEMENT
10036 10/14


*(page 2 of 8 pages)*

Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **November 1, 2017**.

A. The Maturity Date will be: **July 1, 2041**.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $216,842.44 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of **4.375%** will begin to accrue on the New Principal Balance as of **October 1, 2017** and the first new monthly payment on the New Principal Balance will be due on **November 1, 2017**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-24 | 4.375% | October 01, 2017 | $1,224.66 | $660.39 May adjust periodically | $1,885.05 May adjust periodically | November 01, 2017 | 285 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.


LOAN MODIFICATION AGREEMENT
10036 10/14


(page 3 of 8 pages)

4. **Additional Agreements.** I (the borrower) agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

   B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

   D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

   E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

   G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

   H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as





LOAN MODIFICATION AGREEMENT
10036 10/14

*(page 4 of 8 pages)*

noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Loan Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, a street address of 1901 E Voorhees Street, Suite C, Danville, IL 61834, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Loan Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced,



LOAN MODIFICATION AGREEMENT
10036 10/14

(page 5 of 8 pages)

    misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. This Agreement modifies an obligation secured by an existing security instrument recorded in MORRIS County, NJ, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $176,906.98. The principal balance secured by the existing security instrument as a result of this Agreement is $216,842.44, which amount represents the excess of the unpaid principal balance of this original obligation.

Q. In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).


LOAN MODIFICATION AGREEMENT
10036 10/14


(page 6 of 8 pages)

In Witness Whereof, the Lender and I have executed this Agreement.

_____    Date: 9/28/17
JOCELYN WALL  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of New Jersey
County of __Warren__ SS:

I certify that on this __28__ day of __Sept._____, 20__17__, JOCELYN WALL, personally came before me, a Notary Public and acknowledged under oath, to my satisfaction, the he (she) is named in and personally signed this document; and delivered this document as his (her) act and deed.

_____
NOTARY PUBLIC SIGNATURE

__Kimberly A. Cole__
NOTARY PUBLIC PRINTED NAME

My commission expires: __6/2/21__

```
Kimberly A Cole
Notary Public
New Jersey
My Commission Expires June 2, 2021
No. 50039479
```

LOAN MODIFICATION AGREEMENT
10036 10/14



(page 7 of 8 pages)

**Nationstar Mortgage LLC d/b/a Mr. Cooper**

By: _____(Seal) - Lender
Name: _____
Title: **Assistant Secretary**

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____

State of _____
                                                                SS:
County of _____

I CERTIFY that on _____

_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as _____

of _____ the entity named in this instrument; and
(c) executed this instrument as the act of the entity named in this instrument.

_____
(Print name and title below signature)



LOAN MODIFICATION AGREEMENT
10036 10/14



(page 8 of 8 pages)